UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RACHEL MCNEIL,
    Plaintiff,

CASE NO.:

vs.

CONVERGENT OUTSOURCING, INC.,
    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW, Plaintiff, RACHEL MCNEIL [hereinafter Plaintiff] by and through undersigned counsel, and sues Defendant, CONVERGENT OUTSOURCING, INC. [hereinafter Defendant], and alleges:

## JURISDICTION

1. Jurisdiction of this Court arises under 28 US.C. § 1331 and pursuant to 15 US.C. §1692k (d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act (FCCPA) by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in that the Defendant does business in Washington County, Florida, the Plaintiff resides in Washington County, Florida and the violations occurred in Washington County, Florida.

## PARTIES

4. Plaintiff is a natural person who resides in Washington County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a (3). Ms. McNeil is a disabled 69 year old woman who is has suffered four strokes and is blind in her left eye.

5. Defendant, Convergent Outsourcing, Inc. is a collection agency headquartered in Renton, Washington and is at all times mentioned in this complaint, a "collector" as defined by 15 U.S.C. §1692a (6).

## FACTS COMMON TO ALL COUNTS

7. The Plaintiff allegedly incurred a "debt" to Urban Trust Bank for a consumer debt as that term is defined by 15 U.S.C. § 1692a(5) and Section 559.55(1), Fla. Stat. That debt was later transferred or assigned to the Defendant, Convergent Outsourcing, Inc., for the purpose of collection of account number S-8687190.

8. On November 21, 2013, the Plaintiff retained an attorney in reference to the debt with the Defendant.

9. Shortly after retaining her attorney, an agent or employee of the Defendant began calling the Plaintiff to collect the debt. Ms. McNeil explained that she had retained attorney Max Story in reference to this debt, provided his contact information, and requested that the Defendant contact her attorney.

10. Despite being on notice that she was represented by an attorney in reference to this debt, the Defendant continued to contact her directly via telephone.

11. Furthermore, an agent or employee of the Defendant contacted Ms. McNeil. Ms. McNeil again explained that they should be contacting her attorney. The collector replied, "That's your problem. What do you plan to do about the debt?" Again, Ms. McNeil told

them to call her attorney, and again the collector refused and said, "That's your problem. What do you plan to do with the debt?"

12. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff and caused her unnecessary personal strain in her relationship with her family members.

13. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT ONE:
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. The Defendant is a debt collector as defined by the Fair Debt Collection Practices Act (FDCPA). § 15 USC 1692 803(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15. The foregoing acts and omissions of Defendant and their agents by refusing to stop communicating with Ms. McNeil despite being on actual notice that she was represented by an attorney with reference to the alleged debt constitute numerous and multiple violations of the FDCPA including but not limited to § 1692 c(a)(2) (After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive), 15 U.S.C § 1692d,

(Any conduct the natural consequence of which is to harass, oppress, or abuse any person); 15 U.S.C § 1692e, (Any false, deceptive, or misleading representation or means in connection with the debt collection)  and15 U.S.C. §1692f, (Any unfair or unconscionable means to collect the alleged debt with respect to the Plaintiff.)

16. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k (a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)( A): and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT TWO:

## FLORIDA CONSUMER COLLECTION PRACTICES ACT VIOLATION

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. This is an action for damages for violation of the "Florida Consumer Collection Practices Act." (Fla. Stat. §§559.55 to 559.785).

18. By refusing to stop communicating with Ms. McNeil despite being on actual notice that she was represented by an attorney with reference to the alleged debt, the Defendant has violated the FCCPA by:

   a. …willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family; Fla. Stat. §559.72(7);

   b. or assert the existence of some other legal right when such person knows that the right does not exist. Fla. Stat. §559.72(9);

19. As a direct and proximate result of Defendant's action, Plaintiff has sustained damages as defined by Fla. Stat. §559.77 including, but not limited to, emotional distress and

fear, embarrassment, damage to her reputation and credit worthiness, and other damages. These damages have been incurred and will continue to be incurred in the future.

20. Plaintiff has retained the undersigned attorney for the purposes of pursing this matter against Defendant and is obligated to pay said attorney a reasonable fee for his services. The Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2), provides for an award of attorney's fees should Plaintiff prevail in this matter.

WHEREFORE, Plaintiff, demands judgment against Defendant for damages, injunctive relief, punitive damages, attorney's fees, costs, interest, and such other relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

MAX STORY, P.A.

_____
MAX STORY, ESQ.
Florida Bar No. 527238
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL 32250
Telephone: (904) 372-4109
Facsimile: (904) 758-5333
max@maxstorylaw.com
Attorney for Plaintiff